### In re ISLAND STEEL AND WELDING, Debtor.

### Bankruptcy No. 81–00205.

United States Bankruptcy Court, D. Hawaii.

July 15, 1983.

H. William Burgess, Honolulu, Hawaii, for Official Creditors' Committee.

Ivan Lui-Kwan, Honolulu, Hawaii, for debtor.

ORDER DENYING MOTION FOR RE-
CONSIDERATION OF ORDER RE:
APPLICATION BY ATTORNEY FOR
CREDITORS' COMMITTEE FOR
COMPENSATION

JON J. CHINEN, Bankruptcy Judge.

By the instant Motion filed June 30, 1983, Debtor requests reconsideration of this Court's Order Approving Attorney's Fees for Attorney for the Official Creditors' Committee, which Order was entered herein on June 20, 1983. The motion is based on Rule 59 of the Federal Rules of Civil Procedure, entitled "New Trials; Amendment of Judgments," section (a) of which states that a new trial may be granted "(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States."

The decision whether to grant a new trial is left to the judicial discretion of the Court. Moore's Manual Federal Practice and Procedure, Vol. 2, Par. 24.01(1), p. 24–4. In exercising its discretionary authority regarding a motion for reconsideration, the Court is guided by the following:

> Just as at law, a rehearing in equity and its present counterpart, a new trial in a court action, will not lie merely to relitigate old matter; nor will a new trial normally be granted to enable the movant to present his case under a different theory than he adopted at the former trial. As a practical matter, in equity formerly and in court actions now, three grounds for new trial are most common: manifest error of law or fact, and newly discovered evidence. Moore's Manual Federal Practice and Procedure, Vol. 2, Par. 24.01(2), p. 24–9.

There is no allegation in the instant motion that any of the above grounds for granting the motion exist. The Affidavit of Mr. Souza attached to the motion states that Mr. Souza wishes to raise several issues and objections all of which have been heard and considered by this Court. In the Order Approving Attorney's Fees for the Attorney for the Official Creditor's Committee, this Court indicated that its decision regarding the requested fees was based on a review which included evidence and argument presented at hearings on April 19, 1982 and on October 18, 1982. Mr. Souza and his counsel, Mr. Gedan, were present for the former hearing and Mr. Gedan represented debtor at the latter hearing. The issues which Mr. Souza wishes to raise upon reconsideration were raised or could have been raised at these hearings. This Court has given ample time for argument on the application for fees and has considered the objections raised. There has been no offer of new evidence to be brought before the court.

The Court thus finding that no basis for reconsideration of this Court's Order having been presented

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration be and hereby is DENIED.